# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAYTON COTE,<br><br>      Plaintiff,<br><br>v.<br><br>U. S. SILICA COMPANY, NORFOLK SOUTHERN CORPORATION, SCHNELL INDUSTRIES AND FB INDUSTRIES,<br><br>      Defendants. | NO. 18-CV-01440-MWB<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## NOTICE OF INTENT TO SERVE SUBPOENA

PLEASE TAKE NOTICE that on November 8, 2018, Plaintiff, Dayton Cote, by and through undersigned counsel, will cause the attached subpoena (the "Subpoena") to be served via process server on the Custodian of Records, Hi-Crush, 1330 Post Oak Boulevard, Suite 600, Houston, TX 77056, for compliance by November 22, 2018.

                 Respectfully submitted,

                 **VILLARI, LENTZ & LYNAM, LLC**

                 */s/ Thomas A. Lynam, III*
                 THOMAS A. LYNAM, III, ESQUIRE
                 LEONARD G. VILLARI, ESQUIRE
                 1600 Market Street, Suite 1800
                 Philadelphia, PA 19103
                 (215) 568-1990 (t)
                 (215) 568-9920 (f)
                 tlynam@vll-law.com / lgvillari@aol.com
                 *Attorneys for Plaintiff, Dayton Cote*

Date: November 8, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| DAYTON COTE, | |
|---|---|
| Plaintiff, | |
| | NO. 18-CV-01440-MWB |
| v. | |
| | CIVIL ACTION |
| U. S. SILICA COMPANY, NORFOLK SOUTHERN CORPORATION, SCHNELL INDUSTRIES AND FB INDUSTRIES, | JURY TRIAL DEMANDED |
| Defendants. | |

## CERTIFICATE OF SERVICE

I, Thomas A. Lynam, III, Esquire, hereby certify that, on the date noted below, I caused a copy of the **Notice of Intent to Serve Subpoena** to be served in the manner noted upon the following:

Custodian of Records
Hi-Crush
1330 Post Oak Boulevard
Suite 600
Houston, TX 77056
*Via Personal Service*

Maureen Rowan, Esquire
Schnader, Harrison, Segal & Lewis, LLP
1600 Market Street
Suite 3600
Philadelphia, PA 19103
*Via Electronic Filing & Email*

Timothy A. Montgomery, Esquire
Pion, Nerone, Girman, Winslow & Smith, P.C.
1500 One Gateway Center
420 Fort Duquesne Boulevard
Pittsburgh, PA 15222
*Via Electronic Filing & Email*

Jeffrey B. McCarron, Esquire
Swartz Campbell, LLC
Two Liberty Place, 28th Floor
50 South 16th Street
Philadelphia, PA 19102
*Via Electronic Filing & Email*

FB Industries
555 George Avenue
Winkler, MB Canada R6W 4A6
(Unrepresented Party)
*Via United States Regular Mail*

        Respectfully submitted,

        **VILLARI, LENTZ & LYNAM, LLC**

        */s/ Thomas A. Lynam, III*
        THOMAS A. LYNAM, III, ESQUIRE
        LEONARD G. VILLARI, ESQUIRE
        1600 Market Street, Suite 1800
        Philadelphia, PA 19103
        (215) 568-1990 (t)
        (215) 568-9920 (f)
        tlynam@vll-law.com / lgvillari@aol.com
        *Attorneys for Plaintiff, Dayton Cote*

Date: November 8, 2018

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Pennsylvania

| Dayton Cote | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 18-CV-01440-MWB |
| U.S. Silica Company, Norfolk Southern Corporation, Schnell Industries and FB Industries | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records of Hi-Crush, 1330 Post Oak Boulevard, Suite 600, Houston, TX 77056

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  SEE EXHIBIT "A" ATTACHED

| Place: Villari, Lentz & Lynam, LLC<br>1600 Market Street, Suite 1800<br>Philadelphia, PA 19103 | Date and Time:<br><br>11/22/2018 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/08/2018

*CLERK OF COURT*

OR

_____    _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __Plaintiff,__
Dayton Cote _____, who issues or requests this subpoena, are:
Villari, Lentz & Lynam, 1600 Market St.,Ste 1800,Phila. PA 19103; 215-568-1990; tlynam@vll-law.com/lgvillari@aol.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 18-CV-01440-MWB

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A" TO SUBPOENA TO PRODUCE DIRECTED TO HI-CRUSH

Please produce the following:

1. Any and all documents, files and/or electronic files of any kind which relate in any way to the sales, ownership, management and/or business relationships of FB Industries prior to its acquisition by Hi Crush.

2. Any and all documents, files and/or electronic files of any kind which relate in any way to Schnell Industries.

3. Any and all documents, files and/or electronic files of any kind which relate in any way to pre-acquisition representations made by FB Industries and/or Schnell Industries regarding their business relationship and/or business activities with one another.

4. Any and all documents, files and/or electronic files of any kind which relate in any way to the identity of the pre-acquisition owners of FB Industries.

5. Any and all documents, files and/or electronic files of any kind which relate in any way to the identity of pre-acquisition personnel at FB Industries responsible for sales, purchasing, distribution and management.