| | |
|---|---|
| Thomas A. Lynam, III, Esq. | Maureen Rowan, Esq. |
| Leonard G. Villari, Esq. | Attorney for Norfolk Southern Corporation |
| Attorneys for Plaintiff | |
| | James H. Heller, Esq. |
| Timothy A. Montgomery, Esq. | Attorney for FB Industries |
| Bradley N. Sprout, Esq. | |
| Attorneys for U.S. Silica Company | Jeffrey B. McCarron, Esq. |
| | Attorney for Schnell Industries |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAYTON COTE, | : | NO. 4:18-CV-01440 |
| | : | |
| PLAINTIFF | : | Judge Matthew W. Brann |
| | : | |
| v. | : | |
| | : | |
| U.S. SILICA COMPANY, NORFOLK | : | |
| SOUTHERN CORPORATION, SCHNELL | : | |
| INDUSTRIES and FB INDUSTRIES, | : | |
| | : | |
| DEFENDANTS. | : | |

### JOINT CASE MANAGEMENT PLAN

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

1. Principal Issues

    1.1 Separately for each party, please give a statement summarizing this case:

    By plaintiff(s):  On February 27, 2016, Plaintiff, a laborer for Shale Rail (a non-party), whose duties including transferring frac, had his hand severed when he was attempting to remove clumped sand supplied by Defendant U.S. Silica from the bottom of a rail car.  A coworker was using a transloader manufactured by Defendant Schnell Industries and distributed by Defendant FB Industries to close the gate through which the sand was intended to flow. Plaintiff asserts negligence claims against all four (4) Defendants in this action, and products liability claims against Schnell Industries and FB Industries.

    By defendant(s):

    By Defendant Schnell Industries: Plaintiff brings this action against U.S. Silica Company, Norfolk Southern Corporation, Schnell and FB Industries for injuries allegedly suffered by him on February 27, 2016 when a rail car gate shut on his hand. The incident occurred when Cote, an employee of Shale Rail, LLC, was transferring U.S. Silica's frac sand from rail cars to tractor trailers allegedly using a transloader manufactured by Schnell.  Cote and co-workers were unloading a rail hopper full of U.S. Silica's sand at Shale Rail's transfer yard.  Cote climbed under the railcar and reached his hand under and up through the rail car gate to manually loosen the sand so that it flowed out of the rail car gate and onto the transloader.  While Cote's hand was up inside the hopper car gate, a co-worker shut the gate on plaintiff's wrist.  Plaintiff asserts claims against Schnell for negligence and strict liability based on the contention the absence of lockout/tagout feature on the power take-off lever that operated the gate opener.  The transloader was not negligently or defectively designed, as was safe and in compliance with industry standards.  Schnell's operating manual specifically instructed to turn off the

engine and remove the ignition key before servicing, adjusting, repairing or unplugging the machine. Shale Rail's standard operation procedures required that there be no more than two operators per machine with one operating the controls for the conveyor and the hopper door and the other operating the spout. Operator one was required to tag out of the controls before troubleshooting any flow issues. Shale Rail employees also were not permitted to put their hands or arms through the opening of the hopper door to dislodge sand but were required to use only approved tools. Plaintiff and the other Shale Rail employees engaged in the sand loading process at the time of the incident did not comply with instructions in the Schnell manual or Shale Rail's standard operation procedures. The cause of the accident was disobedience with the standard operating procedures and the operator's manual.

By U.S. Silica Company: U.S. Silica operates a quarry in Mapleton Depot, Pennsylvania, which produces, *inter alia*, the frac sand at issue in this lawsuit. The frac sand produced by U.S. Silica is transported by rail hopper cars, operated by Norfolk Southern, from its Mapleton Depot quarry to the Shale Rail transfer yard. Once the frac sand arrives at the Shale Rail transfer yard, Shale Rail, pursuant to a contract with U.S. Silica, transloads the frac sand from the rail hopper cars to tractor trailers.

It is U.S. Silica's understanding, based upon information exchanged to date, that Plaintiff injured his hand when – in direct violation of the explicit policies of his employer – he reached into a rail car to dislodge frac sand that had become clumped and would not feed onto the transloader. U.S. Silica understands that the allegations Plaintiff has leveled against it are, essentially, that U.S. Silica produced and arranged for the transport of frac sand that had excess moisture, was prone to clumping/solidifying, and could not be safely unloaded from the rail hopper cars. U.S. Silica denies all of the allegations against it.

By Defendant Norfolk Southern: It is Norfolk Southern's position that they did not own the rail car involved in the Plaintiff's incident. They did not own or control the

property on which the sand was stored or loaded or the property on which the sand was off-loaded. Norfolk Southern did not inspect the sand prior to loading. Norfolk Southern did not take part in the loading or unloading of the sand in question.

By Defendant FB Industries, Inc.: Plaintiff Dayton Cote filed his lawsuit against U.S. Silica Company, Norfolk Southern Corporation, Schnell Industries, and FB Industries Inc., which is incorrectly referred to in the Complaint as FB Industries (hereinafter "FB") on February 26, 2018. In relevant part, the Complaint alleges that Schnell manufactures a product known as the TLX36 Transloader, which features as an optional accessory a TLX36-GO gate opener. According to the Complaint, FB distributed it to Plaintiffs' employer NE Freight. The Complaint alleges that the Transloader's gate-opener feature was defectively designed and that Plaintiff suffered a hand injury as a result of the allegedly defective design. FB denies that that Transloader was defectively designed. FB alleges it was not involved in the design, development or manufacture of the Transloader and did not, in any way, alter the Transloader. FB alleges it is not liable for Plaintiff's injuries.

1.2     The facts the parties <u>dispute</u> are as follows:

Liability and damages are disputed by Defendants.

<u>agree</u> upon are as follows:

None at this time.

1.3     The legal issues the parties <u>dispute</u> are as follows:

agree upon are as follows:

Liability and damages are disputed by Defendants.

1.4    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

None at this time.

1.5    Identify any named parties that have not yet been served:

Not applicable.

1.6    Identify any additional parties that:

plaintiff(s) intends to join:
defendant(s) intends to join:

None at this time.

1.7    Identify any additional claims that:

plaintiff(s) intends to add:
defendant(s) intends to add:

None known at this time.

2.0    Disclosures

Defense counsel will promptly provide initial disclosures.

Plaintiff has provided initial disclosures.

2.1 Separately for each party, list by name and title/position each person whose identity has been disclosed.

Disclosed by Plaintiff :

| Name | Title/Position |
|---|---|
| Plaintiff | Shale Rail employee |
| Mitch Jones, Caleb Spencer | Coworkers |
| Dennis and Alyssa Cote | Father, sister |

All persons identified in the discoverable documents produced in response to Defendants' written discovery requests

Disclosed by Defendant Schnell Industries: :

| Name | Title/Position |
|---|---|
| Dayton Cote | Shale Rail employee |
| Mitch Jones | Shale Rail Employee |
| Caleb Spencer | Shale Rail Employee |
| Thomas Coleman | Shale Rail Employee |
| Eric Harkins | Shale Rail Employee |

Representatives of Shale Rail involved in investigating the incident

Representatives of Shale Rail/Northeast Freight regarding Shale Rail's Standard Operating Procedures

Representatives of Northeast Freight

Steven Goldberg, MD         Treating Physician

Randall Culp, MD            Philadelphia Hand Center Treating Physician

Thomas Janik, MPA, PT, CSCS  Southern Tier Therapy Assoc.

Representatives of Guthrie Occupational Therapy

Fred Dueck                  President, Schnell Industries

Brenton Dueck               General Manager, Schnell Indus.

All persons identified by plaintiff or co-defendants in discovery

Disclosed by FB Industries:

John Doell          FB Industries

Tyler Friesen       FB Industries

Henry Friesen       FB Industries

All persons identified in the documents produced in this case.

U.S. Silica and Norfolk Southern will provide their Rule 26 Initial Disclosures promptly.

3.0     Early Motions

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

<u>Nature of Motion</u>                <u>Moving Party</u>       <u>Anticipated Filing Date</u>

Defendant U.S. Silica anticipates that it may file a motion for summary judgment at the close of discovery.

4.0     Discovery

4.1     Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s):   Plaintiff has propounded interrogatories and requests for production upon all defendants.  On June 14, 2019, Plaintiff issued a ten (10) letter to Defendants U.S. Silica and Schnell Industries, but has received no response. Norfolk Southern has responded to the discovery requests.  Defendant FB Industries' written discovery responses are due September 9th (their discovery was propounded late due to their default status initially).  The parties have not exchanged initial disclosures.  Plaintiff has answered all discovery propounded upon him (from Norfolk Southern and U.S. Silica).

By defendant(s):

By U.S. Silica: U.S. Silica has served Plaintiff with written discovery, to which Plaintiff has responded.  U.S. Silica is in the process of subpoenaing Plaintiff's relevant medical, employment, and insurance records.  Pursuant to the Court's prior order of November 1, 2018 (Doc. 39), U.S. Silica is awaiting the completion of the Initial Case Management Conference before responding to Plaintiff's discovery requests.

By Norfolk Southern:  The Plaintiff responded to Defendant Norfolk Southern's discovery.  Defendant Norfolk Southern anticipates it will be forwarding discovery to the co-defendants.

By defendant, FB Industries, Inc. FB is in receipt of discovery propounded by Plaintiff. It will respond in the time agreed to by the parties. FB also intends to serve discovery upon Plaintiff and other parties as necessary.

4.2     Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will

be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

By Plaintiff: Depositions on liability and damages are needed. There are multiple defendants against whom different theories of liability have been alleged. Plaintiff seeks to depose designees of U.S. Silica Company regarding the nature and quality of the frac sand and notice and/or action regarding any issues, such as clumping of the sand. Plaintiff seeks to depose designees of Norfolk Southern relating to the transfer of the sand, including loading and unloading of the sand and any issues or problems relating to same. Plaintiff seeks to depose FB Industries about the sale and distribution of the transloader identified and described in the Complaint and notice/awareness of any safety issues relating to the transloader. Plaintiff seeks to depose Brenton Duek and Fred Duek, of Schnell Industries, and any other applicable designee, regarding the transloader identified and described in the Complaint and notice/awareness of any safety issues relating to the transloader.

By Defendant Schnell Industries: Dayton Cote, Shale Rail employees, Mitch Jones, Caleb Spencer, Thomas Coleman, Eric Harkins, representatives of Shale Rail or Northeast Freight concerning Shale Rail's and/or Northeast Freight's Standard Operating Procedures, individuals involved in Plaintiff's treatment, including but not limited to: Steven Goldberg, M.D., Randall Culp, M.D., Thomas Janik, MPA, Pt, CSCS, OCS and representatives of Guthrie Occupational Therapy.

By Defendant U.S. Silica: U.S. Silica will continue to subpoena relevant medical, employment, and insurance records of Plaintiff. U.S. Silica will want to depose, at a minimum, Plaintiff, Plaintiff's father, sister, and co-workers from Shale Rail that were present at the time of his injury, Plaintiff's supervisor from Shale Rail, corporate designee(s) of Shale Rail, and any other fact or damages witnesses that Plaintiff identifies.

U.S. Silica may request that Plaintiff submit to a medical examination by its expert.

By Defendant Norfolk Southern: Norfolk Southern Corporation will want to depose the Plaintiff and representatives/designees of the other named parties.

By Defendant FB Industries: Defendant FB Industries intends to propound written discovery to obtain documents and information not produced with initial disclosures. In addition, FB Industries intends to depose Plaintiff, together with family members, treating physicians, co-workers and any others identified in discovery with knowledge or information concerning the Plaintiff, his alleged injuries, and the incident described in the complaint. Defendant FB Industries reserve the right to conduct other party and non-party depositions as called for by the evidence produced in discovery. FB may also seek documents, information and depositions of any expert identified in this case. FB also reserves the right to conduct an independent medical examination of Plaintiff and to inspect the transloader at issue, together with any other equipment present and involved in the incident described in the Complaint.

    4.3    Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

None known at this time, other than that Plaintiff maintains that all depositions must be taken in the United States, whereas Defendant Schnell Industries is attempting to have its clients/witnesses deposed in Canada.

    4.4    Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

By FB Industries: Discovery from FB Industries should be limited in scope to the sale of

and information concerning the specific transloader at issue.

    4.5    For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

    4.5.1 depositions (excluding experts) to be taken by:

    plaintiff(s):<u> 10</u>    defendant(s):<u> 5 each</u>

Defendant Schnell does not believe there should be limitations on the number of depositions a party can take.

U.S. Silica and FB Industries requests ten (10) depositions.

    4.5.2 interrogatories to be served by:

    plaintiff(s):<u> 25</u>    defendant(s):<u>25 each</u>

Defendant Schnell believes the number of interrogatories per party should be increased to 50.

U.S. Silica requests 40 interrogatories.

4.5.3 document production requests to be served by:

plaintiff(s):<u>60 per Defendant</u>   defendant(s): <u>60</u>

Defendants Schnell and FB Industries do not believe or agree that there should be any limitations on the number of document requests to be served by a party.

4.5.4 requests for admission to be served by:

plaintiff(s): <u>10 per Defendant</u>   defendant(s): <u>10</u>

Defendants Schnell and FB Industries do not believe or agree that there should be any limitations on the number of requests for admissions to be served by a party.

U.S. Silica requests 25 RFAs.

4.6 Discovery of Electronically Stored Information

x Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

☐ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

5.0 Protective Order

5.1 If entry of a protective order is sought, attach to this statement a copy of the

proposed order.  Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

5.2 If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

## 6.0 Scheduling

6.1 Final date for joining additional parties:

    __Completed__    Plaintiff(s)

    __Completed__    Defendants(s)

6.2 Final date for amending pleadings:

    __n/a__    Plaintiff(s)

    __n/a__    Defendants(s)

6.3 All fact discovery commenced in time to be completed by:
March 2, 2020

6.4 All potentially dispositive motions should be filed by:

Plaintiff: May 1, 2020
Defendant Schnell Industries: August 1, 2020

6.5 Reports from retained experts due:

from plaintiff(s) by  August 10, 2020
(Schnell believes Plaintiff's expert report should be due on April 2, 2020)
from defendant(s) by  September 8, 2020
(Schnell believes defense expert reports should be due May 2, 2020)

6.6 Supplementations due  September 22, 2020
(Schnell believes supplemental expert reports should be due May 22, 2020)

6.7 All expert discovery commenced in time to be completed by  June 1, 2020
(Schnell believes expert discovery should be completed by July 1, 2020)
(FB Industries would like a schedule wherein dispositive motions are due after expert discovery completion)

6.8 This case may be appropriate for trial in approximately:

By December 7, 2020.

6.9 Suggested Date for the final Pretrial Conference:

 October 2020 (month/year)

6.10 Trial

6.10.1 Suggested Date for Trial:

 December 2020 (month/year)

7.0 **Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

Dayton Cote, c/o Thomas A. Lynam, III and Leonard G. Villari

Villari, Lentz & Lynam, LLC

100 N. 20th Street, Suite 302

Philadelphia, PA 19103

(215) 568-1990

Brenton Dueck/Fred Dueck

Schnell Industries

450 Robin Road

Winkler, MB

R6W OH7        and

Ken Craig, CIP

The Sovereign General Insurance Company

1110-220 Portage Avenue

Winnipeg, MB

R3C OA5

Timothy A. Montgomery, Esq. (U.S. Silica's counsel)

Pion, Nerone, Girman, Winslow & Smith, P.C.

420 Fort Duquesne Boulevard

1500 One Gateway Center

Pittsburgh, PA 15222

(412) 667-6224

Mark Owens

Claim Agent for Defendant Norfolk Southern

Norfolk Southern Corporation

4600 Deer path Road

Harrisburg, PA

(717) 541-2243


James H. Heller and Abby L. Sacunas (Attorneys for FB Industries, Inc.)

COZEN O'CONNOR

1650 Market Street, Suite 2800

Philadelphia, PA 19103

(215) 665-2000


**8.0   Alternative Dispute Resolution ("ADR")**

    8.1   Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

        ADR procedure __None at this time.__

        Date ADR to be commenced_____
        Date ADR to be completed_____

    8.2   If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

    8.3   If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

The parties have not concluded that ADR is inappropriate; however, given that written discovery has not yet been fully exchanged, the parties wish to have additional time to assess whether and what type of ADR may be beneficial in this case.

9.0     Consent to Jurisdiction by a Magistrate Judge

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: ___ Y  _x_ N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

_____ Scranton/Wilkes-Barre
_____ Harrisburg
_____ Williamsport

10.0    Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

11.0    Identification of Counsel

Counsel shall be registered users of the court's Electronic Case Files System

(ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

        Thomas A. Lynam, III/Leonard G. Villari
        100 N. 20th Street, Suite 302
        Philadelphia, PA 19103
        (215) 568-1990
        Attorney(s) for Plaintiff(s)

X     ECF User(s)
☐     Waiver requested (as separate document)
☐     Fed.R.Civ.P.7.1 (statement filed if necessary)*

        Maureen Rowan, Esq.
        Schnader Harrison
        1600 Market Street, Suite 3600
        Philadelphia, PA 19103
        (215) 751-2252
        Attorney(s) for Norfolk Southern

X     ECF User(s)
☐     Waiver requested (as separate document)
☐     Fed.R.Civ.P.7.1 (statement filed if necessary)*

Jeffrey B. McCarron, Esq.

Schwartz Campbell LLC

1 Liberty Place, 38th Floor

Philadelphia, PA 19103

Attorneys for Defendant Schnell Industries

X     ECF User(s)

☐     Waiver requested (as separate document)

☐     Fed.R.Civ.P.7.1 (statement filed if necessary)*

Timothy A. Montgomery, Esq. (U.S. Silica's counsel)

Pion, Nerone, Girman, Winslow & Smith, P.C.

420 Fort Duquesne Boulevard

1500 One Gateway Center

Pittsburgh, PA 15222

(412) 667-6224

X     ECF User(s)

☐     Waiver requested (as separate document)

☐     Fed.R.Civ.P.7.1 (statement filed if necessary)*

James H. Heller and Abby L. Sacunas

COZEN O'CONNOR

1650 Market Street, Suite 2800

Philadelphia, PA 19103

(215) 665-2000

Attorneys for FB Industries, Inc.

X     ECF User(s)

☐     Waiver requested (as separate document)

☐ Fed.R.Civ.P.7.1 (statement filed if necessary)∗

∗ Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.